ROBERTSON, Presiding Judge.
Valeria Small purchased a car from Bay Chevrolet Company. The purchase was financed by General Motors Acceptance Corporation. Valeria’s mother, Irene Small, cosigned the note with her daughter. Valeria defaulted on the loan, and a deficiency judgment was ultimately entered against her mother.
The mother appeals the trial court’s determination that she was liable on the note and asserts that the salesman induced her to sign the note by making fraudulent representations. Specifically, she alleges that the salesman told her that her signature on the note was only a formality and that she did not have any responsibilities concerning the car payments.
The elements that must be proven in a fraud case are: (1) that there was a misrepresentation of a material fact; (2) which was made willfully to deceive or recklessly without knowledge; (3) and upon which the plaintiff justifiably relied under the circumstances; and (4) that the plaintiff suffered damage as a proximate result. Harris v. M & S Toyota, Inc., 575 So.2d 74 (Ala.1991).
We note that our supreme court has abandoned the standard of “reasonable reliance” in fraud cases and has adopted the newer standard of “justifiable reliance.” Harris. The new standard requires that the party making representations must refrain from dishonest, untrue, or recklessly inaccurate statements and that the party to whom the representation is made must be alert to statements that are patently false. Harris. In other words, the new standard is a deviation from the doctrine of “caveat emptor,” or let the buyer beware, to a standard that emphasizes that parties should be able to rely on statements that are not obviously false. Harris.
We have reviewed the record and note that Irene Small did sign the contract and that the contract obligated her to pay. Further, we note that, although Mrs. Small testified that she did not read the contract, she was not incapable of doing so. Our supreme court has repeatedly held that the right of a party to rely on the representations of others comes with a concomitant duty to exercise some measure of precau *230 tion to safeguard their interests. Vance v. Huff, 568 So.2d 745 (Ala.1990).
In view of the record evidence, we find that Mrs. Small could not have justifiably relied on the statements she alleged the salesman made to her. Thus, we affirm the trial court’s determination that she is liable on the note.
Finally, we note that Mrs. Small alleges that the trial court's judgment is $1,000 less than the amount claimed by GMAC on the note and, consequently, that the judgment should be set aside due to mistake or compromise. However, the only authority she cites for this contention deals with a jury verdict that could not be justified on any reasonable hypothesis of fact founded on the evidence and, consequently, had to be set aside. Hargrave v. Davis-Hunt Cotton Co., 294 Ala. 697, 321 So.2d 178 (1975). This case was tried by the court, not a jury, and we find no error in the court’s judgment. Thus, the judgment is affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.